UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22647-CIV-SEITZ/MCALILEY

In Re:

The Complaint of SOUTH BEACH BOAT
CLUB, LLC, as Owner of a 22' Sea Ray
Bearing Hull ID Number: SERV3514B202,
in a cause for Exoneration from or Limitation
of Liability

       Petitioner.
_____/

In Re:

The Matter of ROLAND DESROCHERS,
GRAHAM SCHENA and CHRIS TRIER as
Owners of the M/V "Triple Play", Praying for
Exoneration from and/or Limitation of Liability,

       Petitioners.
_____/

### ORDER ON FEBRUARY 8, 2007 SCHEDULING CONFERENCE

THIS MATTER is before the Court on the February 8, 2007 Scheduling Conference. At the conference, the Court and the parties addressed the Claimants' motions for bifurcation [DE 37-41, 43-48 and 51-54] as well as the parties' Joint Scheduling Report. Claimants seek to bifurcate the exoneration or limitation of liability ("LOLA") issue from their state law claims. The Court heard oral argument on the subject and then entertained suggestions from the parties as to the most efficient and expeditious manner of managing the case. The Court and the parties agreed that the most effective way to resolve the case is try the LOLA action before the Court in a bench trial with a jury present. Then, if the Court determines that one or both of the Petitioners are not entitled to

exoneration from or limitation of liability, the jury would then apportion fault amongst the parties. Finally, after fault has been apportioned, the parties would be permitted to move to lift the stay and proceed in state court on the issue of damages, in one or more proceedings, if they so desired.

Further, the Court advised the parties as to the appropriate time line for pretrial procedures. Therefore, consistent with the discussion at the scheduling conference, it is hereby

ORDERED that

1) The LOLA action shall be tried before the Bench with a jury present. If the Court holds that one or more of the Petitioners is not entitled to exoneration from or limitation of liability, the jury will then apportion fault amongst the parties. The parties are then free move to lift the stay and proceed in state court on the issue of damages.

2) Claimants motions for bifurcation [DE 37-41, 43-48 and 51-54] are DENIED WITHOUT PREJUDICE. Claimants may renew their motions to bifurcate and lift the stay after apportionment of damages has been resolved by the jury, if necessary.

IT IS FURTHER ORDERED that the parties are required to submit an amended Joint Scheduling Report that conforms to the Court's instructions at the February 8, 2007 Scheduling Conference by **February 16, 2007**.

DONE AND ORDERED in Miami, Florida, this 8th day of February, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record