UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22647-CIV-SEITZ/MCALILEY

In Re:

The Complaint of SOUTH BEACH BOAT
CLUB, LLC, as Owner of a 22' Sea Ray
Bearing Hull ID Number: SERV3514B202,
in a cause for Exoneration from or Limitation
of Liability

    Petitioner.
_____/

In Re:

The Matter of ROLAND DESROCHERS,
GRAHAM SCHENA and CHRIS TRIER as
Owners of the M/V "Triple Play", Praying for
Exoneration from and/or Limitation of Liability,

    Petitioners.
_____/

In Re:

The Complaint of SOUTH BEACH BOAT
CLUB, LLC, as Owner of a 21' Sea Ray
Bearing Hull ID Number: SERV191H001,
in a cause for Exoneration from or Limitation
of Liability

    Petitioner.
_____/

**ORDER ON JUNE 19, 2007 STATUS CONFERENCE**

THIS MATTER is before the Court on the June 19, 2007 Status Conference. The parties[1]

provided the Court with a status report identifying all outstanding issues, including (1) the on-going

---

[1] Counsel for the Petitioners' underwriters also appeared at the status conference.

mediation; (2) a proposed new mediation to deal with issues related to the alleged bad faith of the underwriters; and (3) the status of the parties' discovery activities. After a brief discussion, the parties, including the underwriters, agreed that mediation before Mr. Lewis Jack, of the law firm of Josephs Jack, would be useful to reach a resolution on the issue of bad faith.[2] The parties further agreed that in light of the planned mediation with Mr. Jack, it would be unnecessarily duplicative to continue mediation with Magistrate Judge Turnoff. Further, Mr. Teichner, attorney for Claimant Edwin Cardona, represented to the Court that his client would extend the demand letter he sent to Petitioners' underwriters until such time as the mediation before Mr. Jack has been completed if, in exchange, the underwriters represented that the $3 million coverage from the original insurances polices would remain "on the table" until the mediation was completed. Counsel for the underwriters agreed to this extension.

Additionally, the parties agreed that the Court's April 30, 2007 Order which required the boats to remain in FWC's custody until the conclusion of the May 15, 2007 mediation, should remain in effect until the completion of mediation before Mr. Jack on July 12, 2007. Further, in the event that mediation is unsuccessful, consistent with the April 30, 2007 Order, the parties shall share the expense of storing the boats in a secured storage facility and complete the boat inspections within **two weeks** of the end of mediation.

Finally, the Court addressed the parties' conflicts with scheduling the deposition fo Alex Madden, who was employed by South Beach Boat Club on the day of the incident and is represented

---

[2] Ibrahim Reyes, attorney for Claimants Adeilada Perez and Jennifer Martell, after speaking with the head of his firm, Carlos Silva, indicated that his clients may have an issue with the appointment of Mr. Jack as mediator. Mr. Reyes subsequently informed the Court that his clients only have issues with Mr. Jack servings as mediator with regard to the apportionment of any insurance proceeds. However, given that all the other parties strongly supported Mr. Jack's appointment, the parties agreed that Ms. Perez and Ms. Martell could be separated from the rest of the Claimants for purposes of mediating the apportionment of funds in the event that they do not agree to mediate before Mr. Jack.

by separate counsel, Eric Dadd, Esq. In her June 18, 2007 Protective Order, Magistrate Judge McAliley required that the parties complete the deposition in the next 30 days. The parties agreed to arrange the deposition consistent with Judge McAliley's Order.

Therefore, consistent with the discussion at the status conference, it is hereby

ORDERED that

(1) The parties shall attend mediation before Mr. Lewis Jack beginning **July 9, 2007** at a suitable location to be arranged by the parties. Prior to the mediation, both the Petitioners and the Claimants shall provide Mr. Jack with a mediation brief outlining the relevant facts and case law supporting their respective positions. The parties shall also provide the mediator with copies of the cases upon which they rely. The parties may email these documents to Mr. Jack at the email address stated at the status conference or call Mr. Jack's office to arrange to send them via regular mail or other courier. In the event that Ms. Perez and Ms. Martell do not agree to Mr. Jack serving as mediator for all disputes in this case, they shall make arrangements for another mediator that is acceptable to them and the Petitioners to be present at the mediation with Mr. Jack. By **Monday, June 25, 2007**, counsel for Ms. Perez and Ms. Martell shall submit the appropriate order appointing such mediator to the Court. All materials pertaining to apportionment shared with Mr. Jack shall be shared with the additional mediator and vice versa.

(2) Mediation proceedings before Judge Turnoff are discontinued.

(3) Claimant Cardona's demand letter on the Petitioners' underwriters is extended until after mediation before Mr. Jack has been completed, and the underwriters shall leave the $3 million from the original insurance policies on the table until that time.

(4) The Court's April 30, 2007 Order requiring that the boats remain in FWC's custody

and control in their current location until the conclusion of mediation on May 15, 2007 shall remain in effect until after the completion of mediation with Mr. Jack on July 12, 2007. Thereafter, the parties shall have **two weeks** to complete the inspection of the boats in a manner consistent with the April 30, 2007 Order.

      DONE AND ORDERED in Miami, Florida, this 19th day of June, 2007.

*Patricia A. Seitz*

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:

Counsel of Record